STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v.
HARRY F. LANGHANS, DEFENDANT IN ERROR.

Submitted July 5, 1920—Decided November 15, 1920.

1. The right of challenge in the selection of a jury is a right of
exclusion, not of selection.
2. It is not reversible error for the court in the trial of an indict-
ment to have improperly allowed on motion of the prosecutor of
the pleas a challenge to the favor where a jury has been obtained
from the panel without the exhaustion by the state and defendant
of their peremptory challenges, as the defendant by such action
has not been prejudiced in maintaining his defence upon the
merits.

On writ of error to the Supreme Court, whose opinion is
reported in 94 *N. J. L.* 17.

For the plaintiff in error, *Walter L. Hetfield, Jr.,* prose-
cutor of the pleas.

For the defendant in error, *J. Victor D'Aloia.*

The opinion of the court was delivered by

KATZENBACH, J. Harry F. Langhans, the defendant in
error (hereinafter referred to as the defendant) was the
collector of the borough of Roselle Park, in the county of
Union. In May, 1918, the Union county grand jury re-
turned five indictments against Langhans, charging him as
said collector with embezzling and converting to his own use
sums of money aggregating $36,846.81, received by him for
the borough. The five indictments were by stipulation tried
together. The jury returned a verdict of guilty as charged
in each of the indictments. The defendant took a writ of
error to the Supreme Court. The entire record was certified
to that court. The Supreme Court reversed the judgment
on a single ground, stating in its opinion that it had ex-
amined each of the other assignments of error argued by

counsel and found them without merit. The sole ground of reversal was the action of the trial court in sustaining a challenge interposed by the prosecutor of the pleas during the drawing of the jury. From the decision of the Supreme Court the state has taken a writ of error to this court. The entire record is before this court as it was before the Supreme Court. The sole question for our determination is whether the Supreme Court was correct in holding that the trial court erred in sustaining the challenge and that such action was injurious to the defendant. This entire question is confined to such a brief portion of the record that it seems best to quote at length that portion of the record which raises the question to be considered. It is as follows:

"(The jury was then empaneled, but not sworn.)

"Mr. Hetfield—If the court please, juror No. 1 is under subpœna by the state. He was the assessor of Roselle Park borough, and I challenge *him for cause for that reason.*

"Mr. David—I cannot see any ground for challenge for cause, if your honor please, the fact that he is a witness for the state. We do not object to him.

"The Court—*I think I will sustain* the challenge.

"Mr. David—*I ask an exception.*

"Mr. Hetfield—I will call the juror on the stand and have him sworn in due form. I ask the juror be sworn.

"Benjamin W. Brown, talesman No. 13 in the list, called as juror No. 1 (foreman), being duly sworn on his *voir dire,* testified as follows:

"Direct examination by Mr. Hetfield:

"*Q.* Mr. Brown, where do you reside?

"*A.* No. 427 Faitoute avenue, Roselle Park.

"*Q.* And do you hold any official position in the borough of Roselle at the present time?

"*A.* Yes, sir; tax assessor.

"*Q.* How long have you been tax assessor in the borough of Roselle Park?

"*A.* This is my third term, and I think this is my seventh year.

"*Q.* And are you under subpœna on behalf of the state to testify at this trial?

"*A.* Yes, sir.

"Mr. Hetfield—That is all, your honor.

"The Court—Have you any question?

"Mr. David—Oh, yes.

"Cross-examination by Mr. David:

"*Q.* Mr. Brown, will the fact that you are an official in the borough of Roselle Park interfere with your giving a fair verdict as a juror, based on the evidence in the case?

"*A.* No, sir.

"Mr. David—That is all.

"Mr. Hetfield—My ground was we cannot use a juror as a witness.

"The Court—Yes, I think that ground is good. I sustain the challenge.

"Mr. David—I ask an exception, your honor.

"The Court—Yes.

"Exception allowed, sealed accordingly.

"(A jury then having been empaneled, and found satisfactory, each side having exercised only two challenges a piece, the jury was then sworn.)"

We are in full accord with that portion of the opinion of the Supreme Court which holds that a person is not disqualified as a juror because he has been summoned as a witness in the cause and that the trial court was in error in sustaining the challenge interposed by the prosecutor. We are, however, of the opinion that in the allowance of the challenge the defendant suffered no manifest wrong or injury which entitled him to a reversal of the judgment and a new trial.

The proviso in the one hundred and thirty-sixth section of the Criminal Procedure act states that "no judgment given under any indictment shall be reversed for any imperfection, omission, defect in, or lack of form, or for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits." Was the defendant, by the allowance of this challenge, prejudiced in maintaining his defence upon the merits? If not, then the judgment of conviction should

not have been reversed by the Supreme Court. In deciding this question we must first ascertain what were the rights of the defendant with respect to challenges. He was entitled to a trial by a fair and impartial jury. He was entitled in the selection of the jury to exercise the right of challenge which gives to a defendant the opportunity of saying that he shall not be tried by some particular jurors. The right of challenge, however, is the right of exclusion, not a right of selection. It does not give to a defendant the right of saying what particular jurors shall try him. The law on this subject was very clearly stated in this court in the case of *State* v. *Deliso,* 75 *N. J. L.* 808, 811, where Mr. Justice Garrison, speaking for the court, said:

"The essence of the right of challenge is that it shall afford an opportunity to every person to say that some particular jurors shall not try him, but it is no part of this or of any other system of trial known to our law (unless it be that of arbitration) that a person shall say by what particular jurors he or his cause shall be tried. A right that is in this sense unknown to the law is non-existent as a legal right, and the denial of a right that is legally non-existent cannot inflict a legal injury. In the recent case of State *v.* Moore, in this court, this doctrine was applied to the allowance of a peremptory challenge to a juror by one of two defendants jointly indicted against the protest of the other. The decision was that even if the challenge was not one that the trial court was bound to allow, the non-challenging defendant was not, in a legal sense, injured thereby, the effect being merely to reduce the number of the general panel from which the trial panel was selected. In his opinion Mr. Justice Reed adverts to the circumstance that it did not appear in the record that the protesting defendant had exhausted his challenges, or that the selection of a jury from the general panel was impaired. The same may be said in the present case, although in view of the statutory provision for summoning talesmen the latter circumstance may be without significance. The matter decided was that the allowance of a peremptory challenge was not a ground for reversal upon error so long as neither the right of the plaintiff

in error to have a trial jury selected from the jurors legally summoned nor his right to reject such jurors was impaired."

In the present case the complaint of the defendant is that he was by the ruling of the trial court deprived of having a particular juror, Benjamin W. Brown, sit as a member of the jury for the trial of the indictments. Upon the completion of the drawing of the jury, the record shows that the state and defendant had each used only two of the ten peremptory challenges to which each was entitled. This shows that the defendant was not deprived of his right of exclusion, as he expressed his satisfaction with the jury as drawn and with the juror who had taken the place of Mr. Brown. If he had been dissatisfied, he would have exercised his right of peremptory challenge. The state had forced on the defendant no objectionable juror and had deprived the defendant indirectly of no juror which it could not have excluded by peremptory challenge. As the law is that a defendant has no right to say that some particular juror shall try him, it follows that in the present case the defendant suffered no injury by the court's ruling. The denial of a non-existent right can inflict no legal injury.

The case of *State* v. *Moore, 75 N. J. L.* 619, referred to in *State* v. *Deliso, supra,* is very much in point. In this case the defendants were being jointly tried and the court allowed peremptory challenges made by each defendant against the opposition of the other. This was held in this court to have been error as they should have collectively challenged or assented to the challenge, but this court held that the error was not harmful as the effect of the allowance of the challenge was merely to reduce the number of the general panel from which the trial panel was to be selected.

The case of *Simpson* v. *United States, 184 Fed. Rep.* 817, presented the question in this case. The following excerpt taken from the opinion gives the facts as well as the decision:

"During the selection of the jurors, after they had been examined by counsel, two jurors voluntarily informed the court that they themselves had inclosed public lands; that they had not been interrogated on that subject, and they

thought they should advise the court of the fact before their selection. They were thereupon more fully interrogated by the parties and by the court; each juror, however, stating that he did not think such fact would in any respect influence his verdict. They were each, however, challenged by the prosecution for cause, and the challenge sustained, to which the defendant excepted. The record discloses the fact that the jury was subsequently selected and sworn that tried the case; but it fails to show that any objectionable juror was selected over the defendant's challenge for cause, or that he exhausted his peremptory challenges. Under the practice in the federal courts it is only when the record discloses the fact that an impartial jury may not have been selected, either by the exhaustion of a party's peremptory challenges and the selection of a juror over his legal objection, or by some other equally cogent evidence, that a fatal error in the selection of the jury is presented to an appellate court."

In deciding the present case, the Supreme Court followed the case of *Patterson* v. *State,* 48 *N. J. L.* 381, which held that the state's challenge for cause of three jurors who had served in another case of the state against the same defendant was prejudicial error. We are of the opinion that the Supreme Court in the Patterson case overlooked the fundamental principle that the error to justify a reversal must be one which has prejudiced the defendant in maintaining his defence on the merits.

In the present case we are of the opinion that the ruling of the trial court in sustaining the state's challenge of Mr. Brown did not prejudice the defendant in maintaining his defence upon the merits. We reverse the judgment in the Supreme Court and affirm the judgment on the conviction of the defendant.

*For affirmance*—KALISCH, J.   1.

*For reversal*—SWAYZE, TRENCHARD, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   9.